IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RITTER IMPLANTS GmbH<br>& CO. KG and SPFM, LP d/b/a<br>RITTER DENTAL USA<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBAL TRADERS, INC. and RITTER<br>CONCEPT AMERICA CORP.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.  5:14-cv-1136<br><br><br>JUDGE _____ |

**PLAINTIFFS RITTER IMPLANTS GMBH & CO. KG'S AND
SPFM, LP'S ORIGINAL COMPLAINT**

Plaintiffs Ritter Implants GmbH & Co. KG ("Ritter Implants") and SPFM, L.P. d/b/a Ritter Dental USA's ("Ritter Dental USA") complains of Global Traders, Inc. ("GTI") and Ritter Concept America Corp. ("RCAC") (collectively, the "Defendants") and would show the Court the following:

**Parties**

1.　　Ritter Implants is a corporation organized under the laws of the Federal Republic of Germany.

2.　　SPFM, L.P. d/b/a Ritter Dental USA is a limited partnership organized under the laws of the State of Texas.

3.　　Upon information and belief, defendant GTI is a corporation organized under the laws of the State of Texas, and may be served with process by serving its registered agent, Mateo Gonzalez, at 2100 South 5th Street, Suite 3, McAllen, TX, 78503.

2441537.1

4.     Upon information and belief, defendant RCAC is a corporation organized under the laws of the State of Texas, and may be served with process by serving its registered agent, Mateo Gonzalez, at 2100 South 5th Street, Suite 3, McAllen, TX, 78503.

## Jurisdiction and Venue

5.     This action arises under the trademark laws of the United States; Chapter 22 of Title 15 of the United States Code. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) & (2). Upon information and belief, some or all of the tortious interference and/or the tortious acts of misrepresenting ownership of a trademark have occurred within this district and/or have been directed at Ritter Dental USA, a company residing within this district. Further, both defendants are residents of the State of Texas who have sufficient contacts with the Western District of Texas such that they are deemed to reside in the Western District of Texas for purposes of determining venue. Personal jurisdiction also exists specifically over the Defendants because of their conduct in tortiously interfering with Plaintiffs' existing business relationships and infringing on Plaintiffs' trademarks within the State of Texas and within the Western District of Texas.

## Facts

7.     Plaintiff Ritter Implants designs, manufactures, distributes, and sells dental implants and related accessories ("dental implant products") under the Ritter Implants name.

8.     Ritter Implants is the sole owner of any and all intellectual property, subject to an assignment discussed below, including but not limited to trademarks and copyrights, associated with the Ritter Implants name and dental implant products.

9. Plaintiff Ritter Dental USA markets and distributes a variety of products and services in multiple jurisdictions throughout the world.

10. Having the desire to consolidate its sales, marketing, and distribution, and to promote and sell its products in a variety of markets, on or about June 30, 2014, Ritter Implants entered into an Exclusive International Distribution Agreement For Ritter Implants Dental Implant Products (the "Distribution Agreement") with Ritter Dental USA. The Distribution Agreement named Ritter Dental USA as the sole and exclusive worldwide distributor of Ritter Implants' dental implant products.

11. Pursuant to the Distribution Agreement, Ritter Implants has assigned to Ritter Dental USA all rights and interests in the Ritter Implants trademark, along with its appurtenant goodwill, wherever such rights exist, or may yet exist.

12. Also pursuant to the Distribution Agreement, Ritter Dental USA applied to register the Ritter Implants trademark with the U.S. Patent and Trademark Office.

13. Ritter Implants has neither assigned, nor licensed, any other intellectual property rights to any other party, and Ritter Implants retains such rights, wherever such rights exist, or may yet exist.

14. Ritter Implants has not conveyed any intellectual property rights, including but not limited to, the rights and interests in the Ritter Implants trademark to Defendants.

15. As part of its efforts to market and distribute the Ritter Implant dental implant products, Ritter Dental USA has entered into sponsorship and marketing agreements with leading dental practitioners to assist with providing information relating to the availability, suitability, efficacy, and desirability of the dental implant products.

16. Two of these agreements are with DentalXP of Atlanta, Georgia. DentalXP has entered into a sponsorship agreement with Ritter Dental USA to, *inter alia*, promote the Ritter Implants dental implant products marketed and sold by Ritter Dental USA.

17. On or about December 16, 2014, DentalXP received a letter dated December 13, 2014 from defendant GTI's attorney alleging that GTI "owns all intellectual property rights associated with any Ritter dental implants developed since 2007." In addition, the December 13, 2014 letter demanded that DentalXP cease and desist the use of Ritter Implants' trademark and associated dental implants products and threatened to "initiate legal proceedings against all entities and/or persons involved" if GTI's demands were not met.

18. GTI owns no intellectual property rights in any Ritter Implants intellectual property or associated dental implant product.

19. Defendant RCAC is currently a party in a lawsuit pending in a Texas district court in Edinburg, Texas. Ritter Implants is not a party in that state-court proceeding. During the course of that lawsuit, RCAC has also asserted that it owns the intellectual property rights associated with the Ritter Implants dental implant products.

20. RCAC owns no intellectual property rights in any Ritter Implant intellectual property or associated dental implant products.

**Count I**
**False and Misleading Representation of Ownership Pursuant to**
**15 U.S.C. § 1125 (Lanham Act)**

21. Plaintiffs repeat and incorporate by reference proceeding paragraphs 6-20 as though fully set forth herein.

22. Ritter Dental USA is the owner, by assignment from Ritter Implants, of the trademark: Ritter Implants.

23. Defendants are not authorized to use the Ritter Implants trademark and its associated goodwill.

24. Defendants have falsely and misleadingly represented that they are the owners of the Ritter Implants trademark.

25. Defendants acts constitute false or misleading descriptions and/or representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of GTI and/or with Ritter Dental USA, Ritter Implants, and/or the associated dental implant products in violation of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

26. Defendants' false and misleading representations as to their ownership of the Ritter Implants trademark and associated intellectual property has caused great harm to Plaintiffs. The amount of damages has yet to be determined; however, Plaintiffs are entitled to and seek, pursuant to 15 U.S.C. § 1117, Defendants' profits, actual damages, and costs of this action and such additional relief as may be deemed appropriate and awarded by the Court

27. On information and belief, Defendants' acts described herein have been and continue to be deliberate and willful, and warrant an award of enhanced damages. In addition, Plaintiffs are entitled to and seek a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## Count II
## Tortious Interference with Existing Business Relationships

28. Plaintiffs repeat and incorporate by reference proceeding paragraphs 6-20 as if fully set forth herein.

29. Ritter Dental USA has entered into contractual agreements with dental practitioners for the purposes of promoting the Ritter Implants dental implants products.

30.     Defendants have sent at least one, and possibly additional, cease-and-desist letters to these dental practitioners, knowing of the existence of a contract with Plaintiffs.

31.     The letter(s) declare that GTI owns all intellectual property rights in the Ritter Implants intellectual property and associated dental implants products, a claim that is wholly false.

32.     Additionally, the letter threatens legal action if the dental practitioners continue their relationship with Ritter Dental USA.

33.     Defendants' act of sending the letter constitutes a willful, intentional, and unjustified interference with Ritter Dental USA's existing contract.

34.     This interference proximately caused injury to Ritter Dental USA, who has suffered actual damage or loss.

## Count III
## Declaratory Judgment

35.     Plaintiffs repeat and incorporate by reference proceeding paragraphs 6-20 as if fully set forth herein.

36.     Defendants have repeatedly and publicly declared ownership of intellectual property rights associated with Ritter Implants and the Ritter Implants dental implant products.

37.     Pursuant to 22 U.S.C. § 2201, Plaintiffs request that the Court declare the parties' rights and status in connection to the intellectual property associated with Ritter Implants and the Ritter Implants implant dental products. Specifically, Plaintiffs request that this Court enter a declaratory judgment that GTI and RCAC have no interest as owners, assignees, licensees, or through any other legally recognized manner in any intellectual property associated with Ritter Implants or the Ritter Implants dental implant products.

## Prayer For Relief

Plaintiffs Ritter Implants and Ritter Dental USA respectfully request that judgment be entered in their favor and against Defendants, and the Court grant the following relief to Plaintiffs:

A. Grant judgment in Plaintiffs' favor that Defendants have falsely and misleadingly misrepresented the ownership of the Ritter Implants trademark in violation of the Lanham Act;

B. Grant judgment in Ritter Dental USA's favor that Defendants tortiously interfered with Ritter Dental USA's existing business relationships;

C. Declare that Defendants have no interest in the intellectual property rights of Ritter Implants or the Ritter Implants dental implant products;

D. Award damages to Ritter Dental USA to which it is entitled for the violations of the Lanham Act;

E. Award damages to Ritter Dental USA to which it is entitled for the tortious interference;

F. Award Plaintiffs their reasonable and necessary attorneys' fees incurred;

G. Award Plaintiffs prejudgment and post-judgment interests at the maximum legal rate

H. Award Plaintiffs all their costs of court; and

I. Award such other and further relief as the Court deems just and proper.

## Jury Demand

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiffs Ritter Implants and Ritter Dental USA hereby demand a trial by jury on all issues triable to a jury.

Respectfully submitted,

Submitted: December 31, 2014         GRAY REED & McGRAW, P.C.

2441537.1                            7

By: */s/Daryl W. Bailey*
Daryl W. Bailey
Attorney-In-Charge
Texas Bar No. 01520050
dbailey@grayreed.com
Michael D. Ellis
Texas Bar No. 24081586
mellis@grayreed.com

1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 fax

ATTORNEYS FOR RITTER IMPANTS GmbH & Co. KG & SPFM, LP d/b/a RITTER DENTAL USA


OF COUNSEL:

STEPHEN E. WALRAVEN
State Bar No. 20796800
swalraven@langleybanack.com
LANGLEY & BANACK, INCORPORATED
Trinity Plaza II
745 East Mulberry, Ninth Floor
San Antonio, Texas 78212-3166
210.736.6600 (Telephone)
210.735.6889 (Telecopier)